IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIE WELLS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-1112 |
| | § | |
| ABE'S BOAT RENTALS INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER**

**I.    Background**

This case arises from an injury that occurred while the plaintiff, Willie Wells, was working for Abe's Boat Rentals, Inc. on the M/V DUTCHMAN off the Louisiana shore. Wells was participating in a transfer of cargo from the vessel to the Main Pass 61-B fixed platform via a crane on that platform. He asserted Jones Act claims against Abe's Boat Rentals and negligence claims under general maritime law against Energy XXI GOM, LLC, which owned the Main Pass 61-B platform, and against Island Operating Company, Inc., which operated the platform. The defendants timely removed. Wells moves to remand, arguing that Jones Act and general maritime claims are not removable. Energy XXI and IOC respond that the claims against them fall under the Outer Continental Shelf Lands Act (OSCLA), 43 U.S.C. § 1349 (b)(1), and are removable even if substantive maritime law applies, and that under recent amendments to the removal statute, 28 U.S.C. § 1441, general maritime claims are removable.

For the reasons stated below, this court grants Willie Wells's motion to remand, (Docket Entry No. 2), in part and denies it in part. It is granted in that Wells's claims against Abe's Boat

Rentals are severed and remanded to the 125th Judicial District Court of Harris County, Texas. It is otherwise denied; the claims against Energy XII and IOC remain in this court.

## II.     Analysis

Under 28 U.S.C. § 1333, district courts "have original jurisdiction, exclusive of the courts of the States, of . . . [a]ny civil action of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are entitled." Historically, general maritime claims saved to suitors have not been removable. *Morris v. T E Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003). The bar to removal was the well-established principle that maritime claims do not "aris[e] under the Constitution, treaties or laws of the United States' for purposes of federal question and removal jurisdiction." 28 U.S.C. § 1441(b) (2006); *see also Morris* 344 F.3d at 444 (citing *Romero v. Int'l Terminal Operating Co.*, 348 U.S. 354, 377–79 (1959)). General maritime claims could not be removed as federal questions, and federal courts could only assert removal jurisdiction over admiralty claims that met diversity jurisdiction requirements, which are not satisfied here. Energy XXI and IOC agree that before the removal statute was amended in December 2011, a general maritime claim could be removed only when there was a separate basis for federal jurisdiction. These defendants oppose remand by arguing that the removal statute was amended to allow removal if there is original jurisdiction and there is otherwise no statutory bar to removal. They assert that there is original jurisdiction under the OCSLA that allows the entire case to be removed, while requiring the severance and remand of the nonremovable Jones Act claim to state court. They also assert that even if the claims against the defendants are general maritime claims, they are removable under the amended version of the removal statute.

The previous version of § 1441 stated:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(a) & (b) (2006). The statute was amended in 2011. The current version states:

> (a) Generally. Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Removal based on diversity of citizenship.
>
> (1) In determining whether a civil action is removal on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendant is a citizen of the State in which such action is brought.

28 U.S.C.A. § 1441(a) & (b) (2012).

In *Ryan v. Hercules Offshore, Inc.*, — F. Supp. 2d — , 2013 WL 1967315 (S.D. Tex. May 13, 2013), the court considered the removability of maritime claims under the amended removal statute. After surveying the recent case law, the court stated:

> These cases make relatively clear that (1) federal courts have original jurisdiction over admiralty claims; (2) the saving to suitors clause does not preclude federal courts from exercising jurisdiction over admiralty claims originally brought in state court; (3) the old version of section 1441(b) was relied upon as the "Act of Congress" that precluded federal courts from exercising removal jurisdiction unless the requirements of section 1441(b) were met; and (4) admiralty cases do not arise under the Constitution, treaties or laws of the United States, so admiralty cases were considered "any other such actions" under the prior version of section 1441(b) and were thus removable only if none of the parties in interest properly joined and served as defendants was a citizen of the State in which the action was brought. When Congress amended section 1441, it left the reference in section 1441(a) to cases in which courts have "original" jurisdiction being removable unless prohibited by an act of Congress. However, it deleted the text in section 1441(b) upon which courts in the Fifth Circuit relied as being an "Act of Congress" that precluded removal of cases that did not meet the other requirements of section 1441(b). The new version of section 1441(b) speaks solely to cases that are removed on the basis of diversity of citizenship. . . .
>
> . . . . The new statute does not contain any ambiguous language. Under the amendment, as under the prior version, federal district courts may exercise removal jurisdiction over cases for which they have original jurisdiction unless an act of Congress prohibits that exercise of jurisdiction. Section 1441(b), however, is no longer an "Act of Congress" prohibiting that exercise in admiralty cases involving non-diverse parties. Instead, Congress expects courts to look to the new version of section 1441(b) only when ascertaining removability of cases removed on the basis of diversity—hence the new title of the section, "Removal based on diversity of citizenship."
> ..............
> Plaintiffs argue that maritime claims cannot be removed pursuant to section 1441(a) because they do not arise under the Constitution, treaties or laws of the United States. However, neither the prior version nor the new version of section 1441(a) refers to claims that arise under the Constitution, treaties or laws of the United States. This reference was found in the previous version of section 1441(b). Both versions of section 1441(a) refer to *original* jurisdiction, and federal district courts have "original jurisdiction" over "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1).

4

*Ryan*, 2013 WL 1967315, at *3–5 (internal citation omitted).  The court concluded that the claims under general maritime law were removable.  *Id*.

The *Ryan* court's analysis of the effect of the amended version of the removal statute is consistent with the case law analyzed.  If the claims against Energy XXI and IOC fall under OCSLA, or are viewed as general maritime claims, they are removable.   The fact that the action includes  Jones Act claims against Abe's Rentals does not make the entire case nonremovable. Jones Act claims are nonremovable under 46 U.S.C. App. § 30104 and 28 U.S.C. § 1445(a).  Title 28 U.S.C. § 1441(c) states that if an action includes a "claim that has been made nonremovable by statute, the entire action may be removed if it would be removable without the inclusion of the [nonremovable claims]."  *Id.*, § 1441(c)(1)(B).  After removal, however, "the district court shall sever [the nonremovable claims] and shall remand the severed claims to the State court from which the action was removed. . . ."  *Id.*, § 1441(c)(2).   If the claims against Energy XXI and IOC are removable, the claims against Abe's Rentals will be severed and remanded to the state court, but the remaining claims will stay in federal court.

Energy XXI and IOC have provided sufficient support for the application of the OCSLA. Energy XXI owned federal mineral leases located within Main Pass Block 61 on the Outer Continental Shelf and owned the platform fixed on the Outer Continental Shelf off the Louisiana coast.  (Nelson Aff., Docket Entry No. 9, Ex. A).  IOC contract operators worked on the platform assisting Energy XXI in oil and gas exploration and production work, including by operating the platform's cranes to transfer cargo to and off the platform.  Energy XXI contracted with the plaintiff's employer, the owner of the M/V DUTCHMAN, to assist with the operations on Main Pass 61-B platform, including by transporting cargo to and from that platform.

In his state-court petition, Wells alleged that he was injured while working on the M/V DUTCHMAN assisting the transfer of cargo from the platform via the crane fixed to the platform. He alleged that the crane used in the transfer caused him to be lifted off the vessel deck by his arm, resulting in spinal and other injuries. The allegations make clear that this case arises from an operation conducted on the Outer Continental Shelf that involved the exploration or production of minerals. The claims against Energy XXI and IOC are federal-question claims under the OCSLA, making this case removable (although the Jones Act claims must be severed and remanded). *See, e.g.*, *Barker v. Hercules Offshore, Inc.*, 2013 WL 1319355 at *9 (5th Cir. 2013); *Hamm v. TRTB*, 2010 WL 4627078 (W.D. La. July 30, 2010), report and recommendation adopted, 2010 WL 4607529 (W.D. La. Nov. 5, 2010), aff'd sub nom. *Hamm v. Island Operating Co., Inc.*, 450 F. App'x 365 (5th Cir. 2011). Even assuming that general maritime law applies, under *Ryan* and the cases it cites this action is nonetheless removable, again with the proviso that the Jones Act claim against Abe's Boat Rentals is severed and remanded to the state court.

### III.    Conclusion

Willie Wells's motion to remand, (Docket Entry No. 2), is granted in part and denied in part. It is granted in that Wells's claims against Abe's Boat Rentals are severed and remanded to the 125th Judicial District Court of Harris County, Texas. It is otherwise denied; the claims against Energy XII and IOC remain in this court.

SIGNED on June 18, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge