**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| WILLIE WELLS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-13-1112 |
| | § | |
| ABE'S BOAT RENTALS INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND ORDER DENYING MOTION TO TRANSFER**

**I.    Background**

The plaintiff, Willie Wells, an Alabama resident, is a seaman who was injured while working on transferring a tank from the vessel on which he worked, the M/V DUTCHMAN, to a platform located off the Louisiana coast in January 2012. Wells suffered neck, back, and shoulder injuries, which are being treated in Houston, Texas.

Wells sued his employer, Abe's Boat Rentals, Inc., the platform operator, Island Operating Company, Inc. ("IOC"), the platform owner, and Energy XXI GOM, LLC. IOC and Energy XXI removed to federal court under the Outer Continental Shelf Lands Act (OCSLA), 43 U.S.C. § 1301, *et seq.* The claims against Abe's Boat Rentals were remanded to state court.

IOC, a Louisiana company, employed the crew working the platform and operating the crane used in the transfer. Two of those employees reside in Louisiana and one in Mississippi. Energy XXI is headquartered in Texas. Its employee with primary responsibility for the field in question is Jerry Lott, who works in the field off the Louisiana coast and lives in Diamondhead, Mississippi, within 60 miles of the Eastern District of Louisiana.

The M/V DUTCHMAN is a vessel that works exclusively in Energy XXI's fields off the Louisiana coast. It is owned and operated by Abe's Boat Rentals, a company headquartered in Belle Chasse, Louisiana. Wells was treated by a medic onboard the M/V DUTCHMAN. The medic is an Alabama resident.

Wells was later treated by a physician at the Plaquemines Medical Center in Port Sulphur, Louisiana. He had an MRI in Louisiana. Wells retained a Texas-based attorney, who sent Wells to a doctor in Houston, Texas, approximately five months after the accident. In addition to seeing this doctor, Wells is undergoing physical therapy in Alabama.

In state court, Abe's Boat Rentals moved to dismiss based on forum non conveniens, seeking to have the case litigated in Louisiana. The state court denied that motion, noting that the vessel on which the injury occurred was built for servicing the Houston-based company, Energy XXI. In this court, Energy XXI moved to transfer the case to the Eastern District of Louisiana under 28 U.S.C. § 1404(a). (Docket Entry No. 32). Wells filed a response in opposition. (Docket Entry No. 34).

Based on the motion and response, the record, and the applicable law, this court denies the motion to transfer. The reasons are explained below.

## II.   Discussion

The preliminary question under the change of venue statute, 28 U.S.C. § 1404, is whether the suit could have been filed originally in the destination venue. Energy XXI seeks to transfer this case to the Eastern District of Louisiana. It appears that this suit originally could have been filed in that district. *See* 28 U.S.C. § 1391.

Section 1404(a) states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might

have been brought[.]" 28 U.S.C. § 1404(a).  When considering a § 1404 motion to transfer, a district court considers a number of private- and public-interest factors, "none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004).  The private-interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (*citing Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).  The public-interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law." *Id.*; *see Atlantic Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S.Ct. 568, 581 n.6 (2013).  "The [c]ourt must also give some weight to the plaintiff['s] choice of forum." *Atlantic Marine*, 134 S.Ct. at 581 n.6 (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)).  A motion to transfer venue should be granted when the proposed transferee venue is "clearly more convenient" than the venue chosen by plaintiff. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314–15 (5th Cir.2008) (en banc).

### A.      The Private-Interest Factors

Energy XXI's motion identifies as potential witnesses employees who live outside of Texas. Energy XXI has submitted affidavits identifying the potential witnesses and describing their testimony and their locations.  The affidavit of Gregg Falgoust, the president and treasurer of IOC, states that only three of its employees were on the vessel, two from Louisiana and one from Mississippi.  (Docket Entry No. 32-3 ¶ 4).  Jerry Lott, Energy XXI's production foreman, also

3

submitted an affidavit stating that he is the individual with primary responsibility for the field in question, is a resident of Diamondhead, Mississippi, which is less than 100 miles from the Eastern District of Louisiana.  (Docket Entry No. 32-2 ¶¶ 1, 3).  Lott is within that court's subpoena power. FED. RULE CIV. PROC. 45(b)(2), (c)(1).  So are two of the IOC employees who were on the platform on the date of the accident; they too reside in Louisiana.  *Id.*  IOC is a Louisiana company with its office in Lafayette.  Abe's Boat Rentals is a Louisiana company.  Its corporate representative, Shayne Humphreys, is a Louisiana resident subject to that court's subpoena power.  *Id.*  The physician who initially treated plaintiff at Plaquemines Medical Center, or at least its corporate representative, is also within the Eastern District of Louisiana.  *Id.*  The physician and medical providers from MRI of Louisiana are also within that District.  *Id.*  The physician and health-care providers Wells saw are in Louisiana, Alabama, and Texas.  Energy XXI is headquartered in Texas and has its offices in Houston.

The record does not show significant problems with procuring the testimony of nonparty witnesses in the Southern District of Texas.  Assuming that the testimony of the witnesses described in these affidavits is important, their presence in Texas can be compelled through their status as current IOC or Energy XXI employees.  As Wells notes in his response to the motion to transfer, the testimony of the individuals Energy XXI identified as potential witnesses, who are current employees of either Energy XXI or IOC, can be presented in Texas without the need to rely on subpoena power.  *See Boutte v. Cenac Towing, Inc.*, 346 F. Supp. 2d 922, 933 (S.D. Tex. 2004) ("The convenience of witnesses who are also employees of a defendant are entitled to less weight, because the defendant can compel their testimony at trial.").  Because the case against Abe's Boat Rentals is proceeding in state court in Texas, many of the witnesses are likely to be deposed in

4

connection with both the state and federal proceedings.  Having one proceeding in Louisiana and another in Texas involving many of the same witnesses and sources of proof would increase, not decrease, the costs of obtaining witness testimony and other proof.

Wells's claims against Abe's Boat Rentals will be tried in Texas state court.  Abe's Boat Rentals has agreed to make witnesses available for this case.  Wells's counsel has agreed to travel to Louisiana to take depositions as needed.  Even if depositions are used at trial, that frequently occurs in maritime cases, given the itinerant nature of seamen.  *See Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 826 (S.D. Tex. 1993) ("The very nature of seamen's employment frequently makes them unavailable for trial, requiring the parties to submit the seamen's testimony in the form of depositions.").

Energy XXI notes that its expert witnesses are not from Texas.  The location and convenience of expert witnesses is given little weight.  At the same time, at least one of Wells's physicians is located in the Southern District of Texas.  The cost for witnesses to attend trial will be incurred in either Texas or Louisiana.  Shifting the inconvenience and cost from one party to another is not a sufficient basis for transfer.

The location of documents does not weigh in favor of transfer.  Abe's Boat Rentals has produced Wells's personnel file and compensation records, as well as vessel logs, wage information, and incident reports.  The medical records are in various locations, including Houston.  To the extent vessel inspection is needed, Abe's Boat Rentals has agreed to make it available for that purpose in Louisiana.  The location of the vessel does not weigh heavily in favor of transfer.

The master charter agreement between Abe's Boat Rentals and Energy XXI, which placed Wells at the site on the day in question, has a forum-selection clause.  In the agreement, Energy XXI

agreed that "[a]ny dispute which arises from or is related to this Agreement shall be resolved by litigation only in the United States District Court of the Southern District of Texas, Houston Division[.]" (Docket Entry No. 34-15 at 16). Although this choice for a forum to litigate disputes between Energy XXI and Wells's employer does not control the venue for the suit between Energy XXI and Wells himself, it is an indication that Energy XXI, a Houston company, views venue in the Southern District of Texas as a presumptively convenient forum in which to litigate disputes arising from the vessel on which Wells was injured. This weighs against transfer.

This case has been on file since July 2012 and is set for docket call in April 25, 2014. Transfer would inevitably delay the progress of the litigation, which weighs against transfer.

Taken together, the private-interest factors do not weigh in favor of transfer to the Eastern District of Louisiana.

### B.     The Public-Interest Factors

There is a sufficient connection between this district and this litigation to support Wells's venue choice. Energy XXI is headquartered in Texas. The vessel on which the injury was sustained was built for Energy XXI and has not been used for another company. The injury occurred in the Gulf of Mexico. Energy XXI's master charter agreement with the vessel owner contains a forum-selection clause designating Houston, Texas as the exclusive jurisdiction for resolving disputes. There are no significant  administrative difficulties arising from court congestion, particularly in light of the delay that transfer would cause. There are no significant problems with familiarity with the applicable law that would weigh in favor of transfer. Taken together, the public-interest factors do not support transfer.

**III.      Conclusion**

The motion to transfer (Docket Entry No. 32) is denied.

SIGNED on January 3, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge